IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BELAY ABEBE YIMER, )<br>   5423 Sheffield Court, #113 )<br>   Alexandria, VA 22311-5423 )<br>)<br>Defendant. )<br>_____) | Case No. 1:20-cv-00529 |

**COMPLAINT**

Plaintiff, the United States of America, at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General for the United States, brings this civil action to collect the civil penalties assessed against Belay Abebe Yimer for his willful failure to report his interest in a foreign bank account for the calendar years 2011, 2012, 2013, and 2014, as required by 31 U.S.C. § 5314 and its implementing regulations. In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. § 1331 because this action arises under a federal statute; (ii) 28 U.S.C. § 1345 because the United States is the plaintiff; and (iii) because this is an action for the recovery of a penalty imposed under 28 U.S.C. § 1355(a), an Act of Congress.

2. Venue properly lies in this district under 28 U.S.C. § 1391(b)(1) because the defendant resides in the City of Alexandria, Virginia.

## Parties

3. The Plaintiff is the United States of America.

4. Defendant Belay Abebe Yimer ("Yimer") is a national of Ethiopia who became a naturalized United States citizen in 2006. Yimer resides at 5423 Sheffield Court, #113, Alexandria, VA 22311-5423.

## Regulatory Background

5. United States persons are required to report their interests in foreign financial accounts to the Internal Revenue Service ("IRS"). Section 5314 of Title 31, United States Code, requires the Secretary of the Treasury to implement regulations specifying the nature and form of such reporting. Under the regulations implementing the statute, 31 C.F.R. § 1010.350(a), "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists.

6. To fulfill this requirement, a United States person must file a Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR." The required form for the 2011 and 2012 calendar years was Form TDF 90-22.1; the required form for the 2013 and 2014 calendar years was FinCEN Form 114. The FBAR for a calendar year is due no later than June 30 of the year following the calendar year. 31 C.F.R. § 1010.306(c).

7. All persons who are required to file a Schedule B to their federal income tax returns (Forms 1040) are required to disclose whether, at any time during that tax year, they had a financial interest in or signatory authority over a financial account located in a foreign country.

8. Section 5321(a)(5) of Title 31, United States Code, authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of section 5314. Specifically, section 5321(a)(5)(C) provides for a willfulness penalty in the maximum amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

9. The penalty provided by 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

**Defendant was a Tax Return Preparer and was Aware of FBAR Filing Requirements**

10. From 2007 to 2015, the defendant owned and operated a tax preparation business known as Umbrella Tax Services, which had its sole office on George Mason Drive in Falls Church, Virginia.

11. The defendant was solely responsible for preparing and assuring the accuracy of the tax returns that he prepared for his clients and for himself.

12. The defendant typically entered his preparer tax identification number (PTIN) on the tax returns that he prepared. A PTIN is a unique number issued by the Internal Revenue Service to be used by individuals who are in the business of preparing tax returns.

13. In order to learn how to prepare tax returns, the defendant took courses regarding the Internal Revenue Code and the correct preparation of federal income tax returns, including Forms 1040 and Forms 1040A.

14. From his training and experience as a tax return preparer, the defendant knew that, when preparing his own income tax return, he was required to disclose whether, at any time during that tax year, he had a financial interest in or signatory authority over a financial account located in a foreign country.

**Defendant Intentionally Failed to Disclose His Financial Account in Ethiopia**

15. During the calendar years at issue in this complaint, Defendant operated a business in Ethiopia called Umbrella Business PLC.

16. On or about December 12, 2011, Defendant opened a personal checking account at Zemen Bank (the "Zemen Account") in Ethiopia, with an account number ending in -6029. Defendant's initial deposit was 30,000 Ethiopian Birr.

17. From December 2011 through at least November 19, 2015, Defendant made both deposits into and withdrawals from the Zemen Account.

18. The aggregate balance of the Zemen Account owned by the Defendant exceeded $10,000 in 2011, 2012, 2013, and 2014.

19. The highest account balance between December 12, 2011, and November 19, 2015 was on December 7, 2013, when the account contained 2,940,357.68 Ethiopian Birr, which was the equivalent of $154,070.33.

20. In order to conceal the Zemen Account from the Internal Revenue Service and the U.S. Department of Treasury, the defendant did not transfer money directly from his U.S. bank account to his Zemen Account. Instead, he wrote checks from his U.S. bank account to friends and associates, and labeled the checks as "loans" to the friend or associate. The recipient would then repay the money to the Defendant in Ethiopia, or cause money to be deposited directly into the Zemen Account.

21. Pursuant to 31 C.F.R. § 1010.306(c), the Defendant was required to file an FBAR reporting his financial interest in the Zemen Account for the 2011, 2012, 2013, and 2014 calendar years on or before June 30th of year following that calendar year.

22. Defendant was aware of his obligation to file FBARs with the IRS with respect to his interest in the Zemen Account for the 2011, 2012, 2013, and 2014 calendar years.

23. Defendant did not file FBARs reporting his financial interest in the Zemen Account for the 2011, 2012, 2013, or 2014 calendar years.

24. Defendant's failure to timely report his financial interest in the UBS Account was willful.

### Defendant's Criminal Conviction for Aiding and Assisting in the Preparation of False Tax Returns

25. From 2009 through April 2015, the defendant caused false and fraudulent federal income tax returns to be prepared with the IRS in the name of himself and his clients.

26. Defendant entered into a plea agreement with the United States to plead guilty to the aiding and assisting in the preparation of false tax returns, pursuant to 26 U.S.C. § 7206(2). *See* Case No. 1:15-cr-00185 (E.D.Va. March 3, 2016), Dkt. No. 23.

27. In the Statement of Facts filed in support of the Plea Agreement, the defendant admitted that he "intentionally fail[ed] to report foreign financial accounts, despite knowing that he was required to report on his Schedule B any financial interest in, or signatory authority over, a financial account in a foreign country that had an aggregate value of more than $10,000 at any time during that tax year." [*See* Case No. 1:15-cr-00185 (E.D.Va. March 3, 2016), Dkt. No. 24, ¶ 12 vi.]

28. In the Statement of Facts filed in support of the Plea Agreement, the defendant admitted that "[f]or calendar years 2009 through 2014, the defendant also willfully failed to file with the U.S. Department of Treasury, a Report of Foreign Bank and Financial Accounts (Form TD 90-22.1) (FBAR) for his foreign financial accounts." [*See* Case No. 1:15-cr-00185 (E.D.Va. March 3, 2016), Dkt. No. 24, ¶ 12 vii.]

29. In the Statement of Facts filed in support of the Plea Agreement, the defendant admitted that "[t]he acts taken by the Defendant, Belay Abebe Yimer, in furtherance of the offense charged in the criminal information, including what is described above, were done willfully and knowingly, with the specific intent to violate the law." [*See* Case No. 1:15-cr-00185 (E.D.Va. March 3, 2016), Dkt. No. 24, ¶ 16.]

30. In the Plea Agreement, Defendant agreed that "in order to resolve his civil liability for willfully failing to file Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1 (FBAR), for calendar years 2008 through 2014, defendant shall pay to the United States Treasury, a civil money penalty equal to fifty percent (50%) of the highest aggregate balance of all unreported foreign financial accounts for the years at issue (2008 through 2014). [*See* Case No. 1:15-cr-00185 (E.D.Va. March 3, 2016), Dkt. No. 23, ¶ 11.]

31. As a result of his false and fraudulent preparation of income tax returns, on March 3, 2016, the defendant was criminally convicted of the felony offense of aiding and assisting in the preparation of false tax returns, pursuant to 26 U.S.C. § 7206(2). [Case No. 1:15-cr-00185 (E.D.Va. March 3, 2016), Dkt. No. 46.]

32. Defendant was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twelve months and one day, beginning on April 12, 2016. Upon release from imprisonment, the defendant was on supervised release for a term of one year. [Case No. 1:15-cr-00185 (E.D.Va. March 3, 2016), Dkt. No. 46.]

33. A special condition of the supervised release was that the defendant shall pay an FBAR penalty of $77,035.17 to the U.S. Treasury. [Case No. 1:15-cr-00185 (E.D.Va. March 3, 2016), Dkt. No. 46.]

**CLAIM FOR RELIEF: REDUCTION OF CIVIL PENALTIES TO JUDGMENT**

34. Due to Defendant's willful failure to file FBARs for the 2011, 2012, 2013, and 2014 calendar years that reported his financial interest in the Zemen Account, the IRS notified Defendant by letter dated March 8, 2018, that it was proposing penalties against him for violating the FBAR requirements for the Zemen Account.

35. Defendant did not file an administrative appeal in response to the proposed assessment of the FBAR penalties.

36. The IRS assessed Defendant the following penalties on May 11, 2018, pursuant to 31 U.S.C. § 5321(a)(5)(C)(i): $3,262 for the 2011 tax year; $20,551 for the 2012 tax year; $31,836 for the 2013 tax year; and $21,386 for the 2014 tax year, due to his willful failure to file FBARs reporting the Zemen Account. Together the amounts of these penalties equal $77,035, which is the amount of FBAR penalties imposed by the Court in the Defendant's criminal case described above.[1]

37. By letter dated May 16, 2018, the IRS notified Defendant of the assessments described in Paragraph 36, and demanded payment. Defendant did not make payment or otherwise respond.

38. Despite notice and demand for payment, Defendant has failed to pay the full amount of the penalty assessed against him under 31 U.S.C. § 5321(a)(5)(C)(i).

39. Defendant is liable for interest and penalties pursuant to 31 U.S.C. § 3717 which will accrue until the liability is paid.

---

[1] The Service computed the penalty amount per year as follows: First, determining the highest account balance for each year; second, determining the percentage that the highest account balance for each year bore to the total of the highest account balances for all of the years at issue; third, multiplying that percentage by the total penalty amount of $77,035.17. The proportional penalty amount per year is less than the statutory maximum for each of the years at issue.

40. As of June 21, 2019, the total outstanding balance, consisting of the FBAR penalties for 2011, 2012, 2013, and 2014, the penalties for late payment under 31 U.S.C. § 3717(e)(2), and interest under 31 U.S.C. § 3717, is $83,033.18.

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment against Belay Abebe Yimer and in favor of the United States in the amount of $83,033.18, as of June 21, 2019, for the penalties assessed against him for the 2011, 2012, 2013, and 2014 tax years under 31 U.S.C. § 5321(a)(5) and the related late-payment penalties and interest that have accrued on those FBAR penalties, plus further interest and statutory additions that have and will accrue after June 21, 2019;

B. Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Dated: May 8, 2020

G. ZACHARY TERWILLIGER
United States Attorney

*/s/ Gerard Mene*
Assistant U.S. Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Kieran O. Carter*
KIERAN O. CARTER, VSB No. 81953
Trial Attorney, Tax Division
Attorney for the United States
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

Phone: (202) 616-1920
Fax: (202) 514-6866
Email: Kieran.O.Carter@usdoj.gov